Eric S. Walters (CA State Bar No. 151933)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: ericwalters@dwt.com

Attorneys for Plaintiff
Buddha Boy Foods, Inc.

IN THE UNITED STATES DISTRICT COURT

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDDHA BOY FOODS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAKI RAKI & CO., a California corporation,<br><br>Defendant. | Case No.: **'16CV2037 H    DHB**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1	Plaintiff Buddha Boy Foods, Inc. ("Buddha Boy") files this Complaint against Defendant Raki Raki & Co. ("Raki Raki" or "Defendant"), alleging as follows:

**NATURE OFACTION**

1. This is an action for trademark infringement and false designation of origin arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and for trademark infringement and unfair competition under the laws of the State of California.

2. Buddha Boy owns and operates a chain of restaurants that feature sushi burritos under the name Sushirrito® and uses the SUSHIRRITO mark (the "SUSHIRRITO Word Mark") and a stylized logo (the "SUSHIRRITO Logo") (collectively, the "SUSHIRRITO Marks") in connection with its restaurants.

3. Defendant owns and operates a restaurant that also features sushi burritos under the name Pokirrito, and uses the POKIRRITO mark (the "POKIRRITO Word Mark") and a stylized logo (the "POKIRRITO Logo") (collectively, the "Infringing Marks") in connection with its restaurant.

4. Defendant's use of the Infringing Marks in connection with its restaurant infringes upon the SUSHIRRITO Marks. As depicted below, the similarities between the SUSHIRRITO Marks and the Infringing Marks are apparent: (i) the SUSHIRRITO Word Mark and POKIRRITO Word Mark are both composite marks, of which the first element, *i.e.*, "SUSHI" or "POKI," consists of a term that the general consuming public typically associates with sushi or raw fish, and of which the second element, *i.e.*, "RRITO" refers to a burrito; and (ii) the SUSHIRRITO Logo and POKIRRITO Logo are the same shapes, featuring concentric circles with orange, green, and yellow shapes against a white center. Moreover, Defendant uses the Infringing Marks in connection with services identical to the types of services offered by Buddha Boy under the SUSHIRRITO Marks.

|  | **Sushirrito Marks** | **Infringing Marks** |
|---|---|---|
| **Word mark** | SUSHIRRITO | POKIRRITO |
| **Word/design mark** | sushirrito a fresh way to roll | POKIRRITO / POKIRRITO SAN DIEGO |
| **Design mark** | (stylized swirl design) | (sushi roll design) |

**PARTIES**

5. Buddha Boy is a California corporation, with its principal place of business in San Francisco, California. Buddha Boy owns and operates several sushi burrito restaurants in the San Francisco Bay Area.

6. On information and belief, Defendant is a California corporation with its principal place of business in San Diego, California. On information and belief, Defendant owns and operates a sushi burrito restaurant in San Diego, California.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121 because it arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. Jurisdiction over the California common law claims is also appropriate as these claims are so related to the claims brought under the Lanham Act that they form part of the same case or controversy, and hence fall within the scope of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 1367.

2

COMPLAINT
Case No.

8. This Court has personal jurisdiction over Defendant in that it does business and resides in the State of California, and in the Southern District of California.

9. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in the Southern District of California, and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### Buddha Boy's Business and Intellectual Property Rights

10. Buddha Boy founded a restaurant under the name Sushirrito in 2011 in downtown San Francisco, California, serving made-to-order, hand-held sushi burritos in a fast casual format.

11. Since founding Sushirrito, Buddha Boy has expanded Sushirrito restaurants to five locations, four in downtown San Francisco, California and one in Palo Alto, California.

12. Buddha Boy has plans to expand Sushirrito into new markets not only beyond the San Francisco Bay Area into Southern California, but also beyond the State of California. Buddha Boy has taken several concrete steps towards expanding its business into Southern California, and has plans to open its first Sushirrito location in Los Angeles, California by the end of 2017. Buddha Boy also intends to expand its Sushirrito restaurants to San Diego, California within the next three years. Moreover, Buddha Boy expects to open its first Sushirrito outlet outside of California, in New York City, New York, this month, and has impending plans to open a second location in New York City as early as October, or by the end of this year.

13. Since its inception in 2011, Buddha Boy's Sushirrito restaurants have been prominently featured and recognized in several national news publications, such as *The Wall Street Journal* and *The Huffington Post*, for its sushi burrito concept.

14. Buddha Boy owns a number of trademarks that it uses extensively in connection with its Sushirrito restaurants. Buddha Boy is the owner of the entire right, title, and interest in and to the following federally-registered SUSHIRRITO Marks. In addition, SUSHIRRITO word mark (Reg. No. 3,970,925) has achieved incontestable status and therefore this registration provides conclusive evidence of Buddha Boy's rights in the SUSHIRRITO mark:

| Trademark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| SUSHIRRITO | 3,970,925 | May 31, 2011 | Restaurant services |
| sushirrito a fresh way to roll | 4,056,156 | November 15, 2011 | Carry-out restaurants; restaurant services; take-out restaurant services |
| (logo) | 4,628,645 | October 28, 2014 | Restaurant services; take-out restaurant services |

15. In addition to its U.S. federal registrations, Buddha Boy has also engaged in substantial efforts to register its SUSHIRRITO Marks internationally. Buddha Boy has also either registered or has pending registrations of its SUSHIRRITO Marks in Australia, Belarus, Brazil, Canada, China, EU, Hong Kong, Japan, Mexico, Norway, Peru, Russia, Singapore, South Korea, Spain, Taiwan, and the United Arab Emirates.

16. Since 2011, Buddha Boy has used the SUSHIRRITO Marks in connection with the advertising and promotion of its Sushirrito restaurants, and the SUSHIRRITO Marks have been featured prominently in such advertising and promotional activities. Buddha Boy has spent a considerable amount promoting and marketing its SUSHIRRITO Marks and the Sushirrito brand on both a local and national level. As part of its marketing and promotional efforts, Buddha Boy uses the SUSHIRRITO Marks extensively on social media, including Facebook, Instagram, and Twitter. Additionally, and as a component of its social media marketing campaign, Buddha Boy frequently and consistently uses its SUSHIRRITO Word Mark as a hashtag on Facebook, Instagram, and Twitter.

17. As a result of Buddha Boy's marketing and promotion of the SUSHIRRITO Marks and Sushirrito brand, the SUSHIRRITO Marks have become associated with Buddha Boy's Sushirrito restaurants and brand in the minds of consumers, and have come to represent Sushirrito's made-to-order, fresh, and high quality hand-held sushi burritos and highly-efficient service.

4

COMPLAINT
Case No.

**Defendant's Wrongful Conduct**

18. Since at least as early as April 22, 2016, Defendant has used the Infringing Marks in connection with its sushi burrito restaurant in San Diego, California. On information and belief, Defendant has plans to open a second sushi burrito restaurant, and intends to continue to use the Infringing Marks in connection with this second sushi burrito outlet.

19. On August 14, 2015, Defendant filed an application with the U.S. Patent and Trademark Office ("USPTO") for the POKIRRITO Word Mark, U.S. Serial No. 86,725,986, for "restaurant services, namely, providing of food and beverages for consumption on and off the premises." Defendant's application to register the POKIRRITO Word Mark was published for opposition by the USPTO on January 12, 2016.

20. On April 20, 2016, Buddha Boy notified Defendant that its use of its Infringing Marks in connection with its sushi burrito restaurant constituted infringement of its SUSHIRRITO Marks used in connection with its sushi burrito restaurant chain. Among other things, Buddha Boy demanded that Defendant: cease its use of the Infringing Marks in connection with sushi or sushi-related restaurant services; withdraw its application to the USPTO to register the POKIRRITO Word Mark; and change its POKIRRITO Logo to one that was not confusingly similar with the SUSHIRRITO Marks. Thereafter, on May 13, 2016, Defendant responded to Buddha Boy's demands, and indicated that it would not cease its use of the Infringing Marks.

21. Defendant's Infringing Marks bear a striking similarity to Buddha Boy's SUSHIRRITO Marks. Defendant's POKIRRITO Word Mark and Buddha Boy's SUSHIRRITO Word Mark are both composite word marks, consisting of one element that the general consuming public associates with sushi or raw fish, *i.e.*, "POKI" and "SUSHI," and consisting of a second element that represents a burrito, *i.e.*, "RRITO." As a result, Defendant's POKIRRITO Word Mark and Buddha Boy's SUSHIRRITO Word Mark are not only similar in sight, sound, and meaning, but share a similar commercial impression. Additionally, Defendant's POKIRRITO Logo and Buddha Boy's SUSHIRRITO Logo both feature the same concentric circle shapes, with orange, green, and yellow shapes against a white center. Defendant's Infringing Marks are not only confusingly similar to Buddha Boy's SUSHIRRITO Marks in terms of sight, sound,

meaning, and commercial impression, but also are used in connection with the exact same services as the SUSHIRRITO Marks, *i.e.*, fast-casual, hand-held sushi burrito restaurant concepts. Moreover, Defendant's Infringing Marks are used in the same channels of marketing as Buddha Boy's SUSHIRRITO Marks, including but not limited to Facebook, Instagram, and Twitter.

22. In addition to Defendant's use of the Infringing Marks in advertising and promoting its sushi burrito restaurant on Facebook, Instagram, and Twitter, Defendant improperly and extensively uses Buddha Boy's SUSHIRRITO Word Mark as a hashtag in connection with its social media advertising on Facebook, Instagram, and Twitter. Because Buddha Boy also frequently and consistently uses its SUSHIRRITO Word Mark as a hashtag as a part of its social media advertising and promotional activities on Facebook, Instagram, and Twitter, Defendant's wrongful use of the SUSHIRRITO Word Mark as a hashtag in connection with its advertising and promotion of its Pokirrito brand is not only likely to co-mingle Buddha Boy and Defendant's social media advertising campaigns and cause confusion among consumers, but is also an intentional effort on behalf of Defendant to deceive consumers as to the source of Defendant's goods, or into believing that there is an association and/or affiliation between Buddha Boy's and Defendant's sushi burrito restaurants.

23. Based on the similarity between Defendant's Infringing Marks and Buddha Boy's SUSHIRRITO Marks, Defendant's use of the Infringing Marks in connection with its sushi burrito restaurant, as well as its improper use of the SUSHIRRITO Word Mark in connection with its social media advertising, is likely to cause confusion or mistake among consumers as to an association and/or affiliation between Defendant's Pokirrito sushi burrito restaurant and Buddha Boy's Sushirrito sushi burrito restaurant chain, or mislead consumers into believing that Defendant's restaurant services originate from and/or are affiliated with Buddha Boy's Sushirrito sushi burrito brand.

COMPLAINT
Case No.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

24. Buddha Boy hereby realleges and incorporates by reference the preceding allegations of this Complaint, as if fully set forth herein.

25. Buddha Boy's SUSHIRRITO Marks and the goodwill and originality of the business associated with them are of great and significant value, and have become associated in the minds of consumers not only with the Sushirrito brand's innovative sushi burritos, but also with the fresh, high quality food and service offered at Sushirrito restaurants.

26. Without Buddha Boy's authorization or consent, and having knowledge of Buddha Boy's prior rights in the SUSHIRRITO Marks, Defendant has intentionally and knowingly used the Infringing Marks in connection with services offered to the consuming public.

27. Defendant's use of the Infringing Marks is likely to cause confusion and/or mistake among the general consuming public as to the origin and/or association of Defendant's sushi burrito restaurant, and is likely to mislead the consuming public into believing that the restaurant services offered by Defendant originate from, are associated with, or are otherwise authorized by Buddha Boy's Sushirrito restaurants, all to the damage and detriment of Sushirrito's reputation and goodwill.

28. Defendant's use of the Infringing Marks in connection with its sushi burrito concept, and to advertise and promote its restaurant services to the consuming public, was done with the willful intent to trade on the reputation of the Sushirrito brand and/or to infringe the SUSHIRRITO Marks.

29. Buddha Boy has no adequate remedy at law and, if Defendant's unlawful use of the Infringing Marks and other activities are not enjoined, Buddha Boy will suffer irreparable harm and injury to its goodwill and reputation.

## SECOND CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION – 15 U.S.C. § 1125

30. Buddha Boy hereby realleges and incorporates by reference the preceding allegations of this Complaint, as if fully set forth herein.

COMPLAINT
Case No.

31. Defendant's services offered in connection with the Infringing Marks are of the same general nature and type as Buddha Boy's services offered at its Sushirrito restaurants; as such, Defendant's use of the Infringing Marks is likely to cause confusion among the general consuming public.

32. By intentionally using marks similar to the SUSHIRRITO Marks, Defendant's use of the Infringing Marks in connection with services of the same type as Buddha Boy's services, Defendant misleads the general consuming public as to the origin and source of Defendant's services, and creates a likelihood of confusion by consumers as to an association and/or affiliation between Defendant and Buddha Boy's similar restaurant services.

33. Moreover, by intentionally using Buddha Boy's SUSHIRRITO Word Mark as a hashtag in connection with the advertising and promotion of services of the same type as Buddha Boy's services, Defendant deceives the general consuming public as to the origin and source of Defendant's services, and creates a likelihood of confusion by consumers as to an association and/or affiliation between Defendant and Buddha Boy's similar restaurant services.

34. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Infringing Marks, as well as Defendant's other wrongful conduct in connection with advertising and promoting its services, constitutes false designation of origin and unfair competition.

35. Buddha Boy has no adequate remedy at law and, if Defendant's unlawful use of the Infringing Marks and other activities are not enjoined, Buddha Boy will suffer irreparable harm and injury to its goodwill and reputation.

## THIRD CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

36. Buddha Boy hereby realleges and incorporates by reference the preceding allegations of this Complaint, as if fully set forth herein.

37. As a result of Buddha Boy's hard work and investments in promoting the Sushirrito brand under its SUSHIRRITO Marks, Buddha Boy has built up valuable goodwill in the

DAVIS WRIGHT TREMAINE LLP

1  SUSHIRRITO Marks. As such, the SUSHIRRITO Marks have become associated with the
2  Sushirrito brand, and its sushi burrito concept and high quality restaurant services.

3  38. Defendant's unauthorized use of the Infringing Marks is likely to and does cause
4  confusion among the consuming public as to an association and/or affiliation between Defendant
5  and Buddha Boy's sushi burrito restaurant services, and falsely suggests a connection with
6  Buddha Boy's Sushirrito restaurants.

7  39. Defendant's acts constitute willful infringement of Buddha Boy's exclusive rights
8  in the SUSHIRRITO Marks, in violation of state common law.

9  40. Buddha Boy does not have an adequate remedy at law, and will continue to be
10 damaged by Defendant's use of the Infringing Marks unless this Court enjoins Defendant's
11 unlawful activities.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

14 41. Buddha Boy hereby realleges and incorporates by reference the preceding
15 allegations of this Complaint, as if fully set forth herein.

16 42. As a result of Buddha Boy's hard work and investments in promoting the Sushirrito
17 brand under its SUSHIRRITO Marks, Buddha Boy has built up valuable goodwill in the
18 SUSHIRRITO Marks. As such, the SUSHIRRITO Marks have become associated with the
19 Sushirrito brand, its sushi burrito concept and its high quality restaurant services.

20 43. Defendant, with full knowledge of the SUSHIRRITO Marks, intended to and has
21 traded off of the goodwill and reputation associated with the SUSHIRRITO Marks and the
22 Sushirrito brand by using the Infringing Marks in connection with its services, and by wrongfully
23 using the SUSHIRRITO Word Mark in the advertising and promotion of such services.

24 44. Defendant's acts have misled and continue to mislead the consuming public as to
25 an association and/or affiliation between Defendant and Buddha Boy's sushi burrito services, and
26 falsely suggests a connection with Buddha Boy's Sushirrito restaurants.

45. Buddha Boy does not have an adequate remedy at law, and will continue to be damaged by Defendant's use of the Infringing Marks unless this Court enjoins Defendant's unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Buddha Boy respectfully requests entry of judgment in its favor and against Defendant on all of the above causes of action as follows:

1. That this Court preliminarily and permanently enjoin Defendant, its agents, servants, employees, attorneys and all persons in active concert or participation with any of them:

    a. From using in any manner the SUSHIRRITO Marks, or any other designation that is confusingly similar to SUSHIRRITO or any of the SUSHIRRITO Marks, including, but not limited to the Infringing Marks, as to be likely to cause confusion or mistake among consumers in connection with restaurant services;

    b. From committing any acts calculated to cause purchasers to believe that Defendant's services are associated with and/or affiliated with Buddha Boy's restaurant services, or otherwise approved by or connected with Buddha Boy's restaurant services; and

    c. From otherwise competing unfairly with Buddha Boy in any manner.

2. That this Court enter a judgment finding that Defendant's use of the Infringing Marks has caused and/or is likely to cause confusion among consumers as to an affiliation and/or association between Defendant and Buddha Boy's restaurant services;

3. That this Court enter a judgment finding that Defendant has infringed, and willfully infringed, the SUSHIRRITO Marks;

4. That this Court order Defendant to file with this Court and to serve upon Buddha Boy a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with any injunction resulting from this matter within thirty (30) days after service of such injunction; and

5. That this Court grant such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

DATED: August 12, 2016                    Respectfully submitted,

                                          DAVIS WRIGHT TREMAINE LLP


                                          By:  *s/ Eric S. Walters*
                                               Eric S. Walters

                                          Attorneys for Plaintiff
                                          Buddha Boy Foods, Inc.


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 12, 2016                    Respectfully submitted,

                                          DAVIS WRIGHT TREMAINE LLP


                                          By:  *s/ Eric S. Walters*
                                               Eric S. Walters

                                          Attorneys for Plaintiff
                                          Buddha Boy Foods, Inc.